```
                    UNITED STATES DISTRICT COURT            FILED
                    NORTHERN DISTRICT OF ALABAMA
                           JASPER DIVISION              00 JUL 21 PM 12:53

                                                         U.S. DISTRICT COURT
LUCILLE TIBBLE STAFFORD,         )                       N.D. OF ALABAMA
                                 )
     Plaintiff,                  )
                                 )
vs.                              )  Civil Action No. CV-99-S-2644-J
                                 )
HOUSING AUTHORITY OF SULLIGENT,  )
ALABAMA, INC.,                   )                         ENTERED
                                 )
     Defendant.                  )                         JUL 21 2000
```

## MEMORANDUM OPINION

This action is before the court on defendant's motion for summary judgment. Although this court entered a submission order affording plaintiff ample time to respond to defendant's motion (see doc. no. 9), plaintiff has failed to do so. Therefore, upon review of the motion, defendant's supporting brief, defendant's evidentiary submission, and the pleadings, the court finds that defendant's motion is due to be granted.

### I. FACTUAL BACKGROUND

Plaintiff originally instituted this action in the Circuit Court of Lamar County, Alabama, on August 30, 1999. (See exhibit "B" to notice of removal (doc. no. 1).) She claims that she fell and injured herself on property owned by defendant. She seeks compensatory and punitive damages against defendant, alleging that defendant negligently failed to maintain the property, and breached



express and implied warranties.

Defendant removed the action from state court on September 30, 1999, asserting that this court has diversity jurisdiction over plaintiff's claims pursuant to 29 U.S.C. § 1332. Thereafter, defendant moved for summary judgment, and presented evidence demonstrating that "[t]he property where the plaintiff fell is not — and has never been — owned, managed, or in any way controlled by the defendant or any of its employees or agents."[1] In fact, the evidence shows that plaintiff was injured on July 17, 1998 while visiting the apartment of her friend, Delbert Birmingham.[2] Birmingham leased the apartment from Bobby G. Lawrence,[3] and no agency or employment relationship exists between defendant and Lawrence.[4]

## II. DISCUSSION

As previously mentioned, plaintiff has not responded to defendant's motion. The court notes that plaintiff was given notice of the dates by which she should submit any materials in opposition to the motion for summary judgment. *See* Submission order (Doc. No. 9). Therefore, it cannot be seriously contended

---

[1] Defendant's brief at 3 (citing Hollis' affidavit at 2).
[2] Defendant's Exhibit B at 40-42.
[3] Defendant's Exhibit C (Birmingham's lease agreement).
[4] Defendant's Exhibit D (Hollis' affidavit at 2).

2

that plaintiff was unaware of her burden under Federal Rule of Civil Procedure 56. Specifically, that burden requires that when a motion for summary judgment is made and supported as provided by the Federal Rules of Civil Procedure, plaintiff, as the adverse party:

> may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen v. United American Bank of Central Florida*, 83 F.3d 1347, 1349 (11th Cir. 1996) (affirming grant of summary judgment where non-movant did not adduce evidence in support of claim and failed to "supplement the allegations of the complaint with affidavits, file a memorandum in opposition to the motion for summary judgment, or otherwise comply with Rule 56(e) on a timely basis").

Defendant contends summary judgment is due to be granted, arguing that it is not liable because it neither owned, operated,

nor had any other connection to the property where plaintiff was injured. Plaintiff has not provided any evidence to the contrary. Therefore, viewing the evidence in a light most favorable to plaintiff, this court concludes defendant's arguments are correct. Moreover, as plaintiff has made no effort to supplement the record or otherwise meet her Rule 56 burden, despite notice that she should do so, summary judgment is appropriate. Accordingly, the court adopts the arguments set forth in defendant's brief, and finds defendant's motion is due to be granted on the grounds stated therein. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 21st day of July, 2000.

_____
United States District Judge